WILLIAM H. SCHAFFER, Respondent, *v.* THE SECOND AVENUE RAILROAD COMPANY, Appellant.

*Negligence of a street railroad company — mistake by the plaintiff as to the number of the car — effect thereof, on the plaintiff's credibility.*

In an action brought to recover damages, resulting from injuries caused by the alleged negligence of the defendant, the evidence tended to show that the plaintiff had been injured while getting off of one of the defendant's street cars, but that he had made a mistake relative to the number of the car upon which he was at the time when he received his injuries. There was a conflict in the evidence as to whether when the plaintiff alighted from the car it was in motion, and as to whether he notified the conductor of his desire to alight, which tended to show negligence upon the part of the defendant in reference to the plaintiff, but such evidence related to a car differently numbered from the one mentioned by the plaintiff.

*Held,* that the court properly refused to dismiss the complaint;

That the mere fact that the plaintiff had apparently made a mistake in regard to the number of the car, did not necessarily tend to impeach his credibility, so that the jury could place no reliance upon the other portions of his testimony.

APPEAL by the defendant, The Second Avenue Railroad Company, from a judgment of the Court of Common Pleas for the city

and county of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 10th day of April, 1895, upon the verdict of a jury, and also from an order dated the 6th day of May, 1895, and entered in the office of the clerk of said court denying the defendant's motion for a new trial made upon the minutes.

*Noah C. Rogers* and *Payson Merrill*, for the appellant.

*Percy H. Stewart*, for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover for personal injuries alleged to have been sustained by the plaintiff on the 16th of August, 1893, while he was alighting from one of defendant's cars.

The plaintiff's case, so far as the details of the accident were concerned, depended upon his own testimony. He stated that on the morning of the sixteenth of August he started from his home for his place of business, and that he took car No. 422 at the corner of One Hundred and Twentieth street and First avenue, which was an open car, occupying the second seat from the back. The destination of the plaintiff was Sixty-eighth street and First avenue. He testified that the car arrived at Sixty-eighth street about eight o'clock, or a few minutes before, and was obstructed on the northerly side of the way so that it could not go any further; it came to a dead stop. The conductor stood on the step of the car talking with the plaintiff. The plaintiff asked him to step a little ahead, the conductor standing in his way. The plaintiff says: " I asked him to step a little ahead ; that I was going to get off there to save him the trouble of going across the street. He said, ' All right, step ahead,' and I started and got off and was throwed off, and I stepped down on the step. I was half way off, or half way on the step, just enough to throw me when the car started." The plaintiff further testified that he had been in the habit of riding on these cars ; that they were stopped or started by a whistle, and that no whistle was blown so far as he heard ; that he notified the conductor to stop, and that at that time the car was at a dead stop, and had stopped surely half a minute before the conductor told him to get off.

Upon the part of the defendant the conductor of car No. 422

was produced, and by his record, made at the time, it appeared that no such accident happened upon that car, and that he passed Sixty-eighth street at seven-thirty-eight and one-half, and reached Astor. place and Broadway at eight-twelve.

The conductor of car No. 428 testified that his car left Harlem at seven-thirty-three and reached Sixty-eighth street about eight o'clock ; that there was a passenger on the car who resembled the plaintiff, and just as the car was passing the northerly side of Sixty-eighth street this passenger got off the car without giving, as far as the conductor could remember, any notice to stop the car at Sixty-eighth street or telling him that he wanted to get off the car at that point ; that at the time the passenger alighted the car had not stopped, but was going slowly ; that the man fell, but he got up and went away apparently not injured.

The driver of car No. 428 testified that he saw the plaintiff on his car on the trip referred to by the conductor ; that he got off the car at Sixty-eighth street or Sixty-ninth street ; that he did not get any signal to stop the car, neither did the car stop ; that he saw the man in the street getting up after he had fallen, and that it was only after he saw the man lying in the street that the speed of the car was increased.

Another witness was examined upon the part of the defendant who was an employee of the firm of W. & J. Sloane, and he remembers riding on a car of the Second Avenue line, First Avenue branch, from which a man fell off or was hurt in some way ; that he could not fix the date, but it was either in July or August ; that he could not tell whether the plaintiff was the man whom he saw fall; that he recognized the driver and conductor who had testified, as the driver and conductor of the car from which the man alighted and fell ; that it was about eight o'clock in the morning; that he saw the man after he fell, but did not see him get off the car ; that the car was in motion when he saw the man — it was in the act of stopping, going very slowly, but had not stopped at all at the upper crosswalk.

Upon this state of the evidence at the termination of the case the defendant moved to dismiss the complaint upon the ground that there was no evidence to sustain the finding of the jury that the defendant, its agents or servants, were negligent, which negligence

was the sole cause of the injury alleged to have been received by the plaintiff, and that there was not sufficient evidence to sustain a finding by the jury that the plaintiff himself was without negligence contributing to the alleged injury.

The case was submitted to the jury and a verdict was found in favor of the plaintiff, and from the judgment thereupon entered, and from an order made denying a motion for a new trial, this appeal is taken.

It is now urged before us that the facts do not establish the propositions to which attention has been called. It seems to us that there is a probability that the plaintiff may have been mistaken in the number of the car upon which he rode on the morning in question; but there was a clear conflict of evidence upon the question as to whether the car was in motion when the plaintiff alighted from it, and whether he notified the conductor of his desire to alight. This conflict of evidence it seems to have been necessary to submit to the jury. The mere fact that the plaintiff made a mistake in regard to the number of the car did not necessarily tend to impeach his testimony, so that no reliance should be placed upon the remainder.

We do not see, therefore, any ground for interfering with the verdict, and the judgment and order appealed from should be affirmed, with costs.

BARRETT, WILLIAMS, PATTERSON and O'BRIEN, JJ., concurred.

Judgment and order affirmed, with costs.